## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

LYNETTE BLAND, Individually and on behalf of all others similarly situated,

    Plaintiffs,

  v.

GENPACT LLC,

    Defendant.

Case No:

**Collective Action Complaint**
**Jury Trial Demanded**

Plaintiff LYNETTE BLAND ("Bland" or "Plaintiff"), individually and on behalf of all others similarly situated who consent to their inclusion in this collective action, sues Defendant GENPACT LLC., a Delaware corporation ("Genpact" or "Defendant"), pursuant to 29 U.S.C. 216(b) of the Fair Labor Standards Act (the "FLSA"), and states:

### INTRODUCTION

1. Defendant willfully failed to pay overtime wages to all trainee employees working under various job titles, including but not limited to: HR Manager Trainee, Disputes Investigations Specialist, Operations Manager Trainee, Liability Adjuster, Management Trainee, Management Trainee Logistics, Payable Accountant, Finance Operations Manager Trainee, GI & Intercompany Accounting Trainee, Master Data Management Trainee, and other interchangeable or related job titles (collectively, "Trainees"). Trainees work for Defendant which trains them for various positions, with the goal of Trainees being hired by other entities or businesses after completion of their training.

2. Plaintiff seeks relief on behalf of all similarly situated Trainees who worked for Defendant for the three-year period preceding the filing of this Collective Action Complaint (the "Putative FLSA Collective").

3. Defendant paid Plaintiff and members of the Putative FLSA Collective a salary, classified them as exempt from overtime pay requirements of the FLSA, and failed to pay them for their overtime hours worked, all in violation of the FLSA.

4. Plaintiff and the members of the Putative FLSA Collective all perform the same or substantially similar primary job duties: training with Defendant for future positions with unrelated and unaffiliated companies, businesses, or corporations.

5. Pursuant to Defendant's uniform, common, and widespread national policies and practices, Plaintiff and the members of the Putative FLSA Collective are required to complete a rigorous and protracted training program. This training program is intended to prepare Trainees for work with other businesses and corporations once they have successfully completed Defendant's training program.

6. Defendant failed to compensate Plaintiff and the members of the Putative FLSA Collective for all hours worked over forty (40) in each and every workweek, as a result of its uniform, common, and widespread national policy and practice to evade the FLSA and save many millions of dollars in labor costs to the detriment and harm of Plaintiff and the members of the Putative FLSA Collective.

7. Defendant did not have in place any timekeeping system to contemporaneously and accurately track the work hours of Plaintiff and the members of the Putative FLSA Collective.

8. Defendant knows or should know that Plaintiff and the members of the FLSA Collective routinely worked overtime hours. Defendant's managers and supervisors witnessed the unpaid overtime hours worked by Plaintiff and the members of the FLSA Collective. In addition, Defendant's managers and supervisors encouraged and even pressured Trainees to work as many hours as possible to learn the materials and prove their worth.

9. Pursuant to its national corporate policy which is uniform, common, and widespread, Defendant classifies its Trainees as exempt from overtime pay requirements, in violation of the FLSA. *See* 29 C.F.R. § 541.705 ("[t]he executive, administrative, professional, outside sales and computer employee exemptions do not apply to employees training for employment in an executive, administrative, professional, outside sales or computer employee capacity").

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a federal question.

11. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201, 2202.

12. This Court has personal jurisdiction over this action and the Plaintiff and the members of the Putative FLSA Collective because the Defendant's U.S. corporate headquarters is located in New York, New York in this District.

13. Venue is proper pursuant to 28 U.S.C. Sec. 1391(b) because the Defendant's U.S. corporate headquarters is located in this District and because a substantial part of the events giving rise to the claims occurred in this District.

## **THE PARTIES**

*Plaintiff*

14. Plaintiff, Bland resides in Jacksonville, Florida. She was hired by Defendant on January 4, 2022, and commenced work on or about January 17, 2022 as Management Trainee - Disputes Investigations Specialist working remotely from her home and reporting to the Jacksonville, Florida Genpact office.

15. Plaintiff separated her employment with Defendant in July 2022.

16. Plaintiff regularly worked over 40 hours in a workweek while employed by Defendant. During the workweek of February 7, 2022, Plaintiff estimates that she worked about 43 hours and Defendant did not pay her any compensation and no overtime premium for any hours worked above 40 in the week.

*Defendant*

17. Defendant Genpact LLC is a Delaware limited liability corporation, with its principal place of business at 1155 6th Avenue, 4th Floor, New York, New York 10036.

18. Genpact is a professional services firm which, among other things, trains workers for positions at other companies, thereby relieving those companies of the time and expense associated with training.

19. Defendant operates fifteen (15) offices throughout the United States, including Bentonville, Arkansas; Chicago, Illinois; Cincinnati, Ohio; Danville, Illinois; Jacksonville, Florida; Milpitas, California; New York, New York; Palo Alto, California; Portland, Oregon: Richardson, Texas; Reason, Virginia; and Wilkes-Barre, Pennsylvania.

20. Defendant is an employer within the definition of the FLSA, has annual revenue exceeding $500,000, and is involved in interstate commerce.

21. Defendant should know the requirements of the FLSA, including its obligations to pay overtime premiums and that employees hired in trainee positions should be classified as non-exempt employees.

## FACTUAL ALLEGATIONS

22. The primary duty of Plaintiff and the members of the Putative FLSA Collective was to train. Specifically, their primary duty was to study, learn, and demonstrate comprehension and mastery of the information and skills necessary to perform the essential job requirements of the position for which they were being trained.

23. Plaintiff and the members of the Putative FLSA Collective regularly worked overtime hours in order to complete their training duties.

24. Defendant classified Plaintiff and the members of the Putative FLSA Collective as exempt employees under the FLSA.

25. Defendant maintained a common corporate policy and practice not to pay overtime wages to Plaintiff and the Putative FLSA Collective.

26. Plaintiff was assigned a standard corporate work schedule of Monday to Friday from 9:00 am until 6:00 pm. Plaintiff routinely however worked additional hours studying training the materials and performing other mandatory work activities and training requirements. Since her hours were not recorded, between working through some of the meal breaks permitted, and time beyond the scheduled shift times, Plaintiff at this juncture estimates that she worked 2.5 to 4 hours per week or more of unpaid overtime hours (over 40) routinely during the term of her employment.

27. Upon information and belief, Defendant assigns all Trainees in the United States the same work schedule as Plaintiff.

28. Upon information and belief and investigation, Defendant employs approximately 1,000 Trainees at any given point in time working at Defendant's locations or working remotely and reporting to Defendant's 15 offices.

29. All Trainees under the various job titles also were subject to common company policies and procedures set by the Defendant which are applicable to all offices and all employees on a nationwide basis.

30. All Trainees within this putative class here were treated and classified by Defendant as salaried, exempt employees.

31. The actual work hours of all the Trainees were never recorded by the Defendant.

32. The Defendant maintains a companywide policy throughout the relevant three (3) year class period of willfully refusing to pay overtime wages for all overtime hours worked for Trainees notwithstanding the fact that the FLSA specifically carves out employees undergoing training from any exemption.

33. The salary Defendant paid to Plaintiff and the members of the Putative FLSA Collective was intended to compensate them for 40 hours of work per workweek.

34. Upon information and belief, all Trainees are supervised by one or more company Trainers, and other managers, who closely monitor performance, scrutinize their performance and report their results to the corporate office under a structured, corporate controlled manner. Thus, Defendant knew or should have known that Trainees were working over 40 hours in a work week.

35. The actual job duties performed by the proposed putative class of Trainees do not satisfy the elements of any exemptions within FLSA § 213, as all perform routine jobs whose primary job duty was training and learning.


## COLLECTIVE ACTION ALLEGATIONS

36. At all times material, Plaintiff and the members of the Putative FLSA Collective were employees of Defendant within the meaning of the FLSA.

37. Plaintiff and the members of the Putative FLSA Collective are currently or have previously been covered under FLSA § 207.

38. Defendant is an employer of Plaintiff and the Putative FLSA Collective within the meaning of the FLSA.

39. Defendant is required to pay one and one-half times each employee's hourly rate for all hours worked in excess of forty (40) hours per week.

40. Upon information and belief, Defendant did not conduct under study, audit, analysis, or obtain legal advice to ensure that Plaintiff and the Putative FLSA Collective were classified and compensated in compliance with the FLSA.

41. Plaintiff and the members of the Putative FLSA Collective are similarly situated in that they all performed the same duties (training), all were salaried, all were classified as exempt, and all were subject to Defendant's unlawful uniform, common and widespread national policy of failing to pay overtime for the hours worked over 40 in a work week.

## COUNT I
## CLAIM FOR UNPAID OVERTIME WAGES PURSUANT TO THE FLSA
### (on behalf of Plaintiff and the Putative FLSA Collective)

42. Plaintiff alleges and incorporates by reference the preceding paragraphs.

43. Defendant has willfully and intentionally engaged in a uniform, common, and widespread policy and practice of violating the provisions of the FLSA, by failing to pay all Trainees required overtime premiums and wages for all hours worked over 40 in each and every work week.

44. Defendant classified and treated Plaintiff and the members of the Putative FLSA Collective as exempt from overtime pay and willfully refused to pay them overtime premiums.

45. Defendant has willfully and with reckless disregard for the requirements of the FLSA and its regulations, failed to pay Plaintiff and the Putative FLSA Collective overtime for all work hours over (40) hours in one or more work weeks, in violation of the FLSA.

46. Defendant does not have a good faith basis for these described unlawful pay practices, such that Plaintiff and each and every member of the putative class who consents to join this action is entitled to liquidated damages.

47. Defendant knowingly and willfully failed to track the hours worked by Plaintiffs and the class of similarly situated employees.

48. By failing to record, report, and/or preserve records of all minutes and hours worked by Plaintiffs and the members of the Putative FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment in violation of the 29 USC Sec. 211(c) and 215 (a).

49. Defendant has willfully and lacking in good faith, violated the FLSA by the following unlawful pay practices applicable to Plaintiff, and the members of the Putative FLSA Collective: a) willfully instituting and maintaining a deficient, inaccurate time tracking system; and b) willfully misclassifying all Trainees as exempt from overtime pay.

50. As a result of Defendant's willful violations of the FLSA, Plaintiff and the members of the Putative FLSA Collective have suffered economic damages by Defendant's failure to pay overtime compensation in accordance with FLSA §207.

51. Due to Defendant's willful violations of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to 29 U.S.C. §255(a).

52. As a result of Defendant's unlawful acts and pay practices described herein, Plaintiffs and the members of the Putative FLSA Collective have been deprived of overtime compensation in amounts and rates to be determined at trial or by this court; and Plaintiffs are entitled to recovery of such back wages, liquidated damages in amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b), as well as injunctive relief pursuant to 29 U.S.C. §217.

**WHEREFORE,** Plaintiff Lynette Bland, individually, and on behalf of all other similarly situated Trainees, seek the following the following relief:

a. Designation of this action as a collective action.

b. That Plaintiff Bland be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present Trainees employed by Genpact LLC, at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

c. That all past and present Trainees be expeditiously informed of the nature of this collective action, and similarly situated employee's right to join this lawsuit if they believe that they were or are misclassified as an exempt employee;

d. That the Court and/or jury find and declare Defendant in violation of the overtime compensation provisions of the FLSA;

e. That the Court find and declare Defendant's violations of the FLSA were and are willful;

    f.       That the Court enjoin Defendant, under 29 U.S.C. § 217, from withholding future payment of overtime compensation owed to members of the Plaintiffs Class.

    g.       An award to Plaintiff Bland and the members of the Putative FLSA Collective overtime compensation at a rate of one and one half time their regular rates of pay, including the value of all compensation earned, for previous hours worked in excess of forty (40) for any given week during the past three years and liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA §216 and all other related economic losses;

    h.       An award Plaintiff Bland and the members of the Putative FLSA Collective their reasonable attorneys' fees and costs and expenses of litigation pursuant to FLSA § 216, including expert fees;

    i.       A service award to Plaintiff Bland for the justice she sought out for so many and her services in this case as representative for the Putative FLSA Collective;

    j.       That the Court issue in order of judgment under 29 U.S.C §§ 216-17, 28 U.S.C. §§ 2201 and 2202 finding that the Defendant unlawfully and willfully violated the FLSA by failing to pay overtime wages and failing to properly and willfully failing to accurately record all hours worked of non-exempt employees, as well as issue an ORDER barring the Defendant from further violating the FLSA for all currently employed trainees;

    k.       Award prejudgment and post-judgment interest, as provided by law: and

    l.       That the Court award any other legal and equitable relief as this Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:  October 13, 2022                                         Respectfully submitted,
        New York, New York

                                                Michael Palitz
                                                SHAVITZ LAW GROUP, P.A.
                                                477 Madison Avenue, 6th Floor
                                                New York, NY 10022
                                                Tel: 800-616-4000
                                                Facsimile:  561-447-8831
                                                mpalitz@shavitzlaw.com

                                                Mitchell L. Feldman, Esq.*
                                                Florida Bar No. 0080349
                                                FELDMAN LEGAL GROUP
                                                6916 West Linebaugh Avenue, Suite 101
                                                Tampa, FL 33625
                                                Tel: (813) 639-9366
                                                Facsimile: (813) 639-9376
                                                Mfeldman@flandgatrialattorneys.com
                                                Secondary: mail@feldmanlegal.us

                                                Gregg I. Shavitz*
                                                SHAVITZ LAW GROUP, P.A.
                                                951 Yamato Road, Suite 285
                                                Boca Raton, FL 33431
                                                Tel: 561-447-8888
                                                Facsimile:  561-447-8831
                                                gshavitz@shavitzlaw.com

                                                *Attorneys for Plaintiff and the Putative*
                                                *FLSA Collective*

*to apply for admission *pro hac vice*